UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| JEFFREY L. JOSEPH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:19-CV-22 AGF |
| | ) | |
| CRAIG WHEELER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of *pro se* plaintiff Jeffrey L. Joseph for leave to commence this action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court grants the motion, and assesses an initial partial filing fee of $1.70. *See* 28 U.S.C. § 1915(b)(1). Furthermore, for the reasons discussed below, the Court orders plaintiff to submit an amended complaint.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing average monthly deposits of $8.50 since plaintiff lost his employment in the metal processing plant. The Court finds that plaintiff has insufficient funds in his prison account to pay the entire fee and will therefore assess an initial partial filing fee of $1.70.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a *pro se* complaint under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also*

*Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

**The Complaint**

*Pro se* plaintiff is an inmate with the Missouri Department of Corrections ("MDOC"), confined at Moberly Correctional Center ("MCC"). During his incarceration at MCC, plaintiff has worked for Missouri Vocational Enterprises ("MVE") in the Metal Plant. Plaintiff brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights against five defendants: (1) Craig Wheeler (Assistant Director at MVE Metal Plant); (2) Dennis Shepard (Director at MVE Metal Plant); (3) Kurt Schmiedeskamp (Supervisor of Press-Brake Line at MVE Metal Plant); (4) Dean Minor (Warden at MCC); and (5) Ann Precythe (MDOC Director of Adult Institutions). Plaintiff brings suit against all these individuals in their official capacities only.

Plaintiff alleges that his Eighth Amendment right to reasonable protection from injury was violated by defendants when they acted with deliberate indifference to his physical safety. On July 20, 2018, plaintiff was being trained by another inmate on how to use the press-brake machine at the MVE Metal Plant. At the time of his training, the "hand restraint safety system was not operable." ECF No. 1 at 5. Plaintiff was informed that the safety system was not used because it slows production. Due to parts sticking on the machine, plaintiff's trainer sprayed the machine with WD 40. After the spraying, when plaintiff stepped forward to activate the foot switch on the machine, his hand slipped on the "oily" surface and came under the press as it came down. *Id.* Plaintiff's left thumb was crushed with 350 pounds of force.

According to plaintiff, the "MVE staff" disabled the hand safety restraint system on the press-brake machine, knowing that this created a "great degree of risk of physical harm" to plaintiff and other workers. Plaintiff alleges that MVE staff had actual knowledge of this risk

because "they continued to operate in this manner even after numerous injuries to offenders" and they "covered it up." ECF No. 1 at 5.

Plaintiff asserts that his direct supervisor at the Metal Plant, defendant Schmiedeskamp, failed to train him on use of the machines and never provided any safety instructions or warnings. Plaintiff states that he was injured because of the lack of proper training and complete lack of managerial oversight by Schmiedeskamp. Similarly, the assistant director of the Metal Plant, defendant Wheeler, who is responsible for the day-to-day operations and for training the four plant supervisors under him, "is also effectively at fault for [plaintiff's] injury" because of his "managerial oversight" and "lack of properly training Kurt Schmiedeskamp in operational safety of the press-brake as well as proper management of inmate workers." ECF No. 1 at 9. Plaintiff also specifically asserts that Wheeler was aware that the safety system had been deactivated. *Id.* at 6. Plaintiff describes defendant Shepard, the director of operations at the Metal Plaint, as being responsible for the training of management staff and for ensuring that all proper safety procedures are followed. Plaintiff alleges that Dean Minor, the Warden of MCC, failed in his responsibility of ensuring the safety of all MCC inmates. Plaintiff states that there was another injury at the Metal Plant on the same day as his injury, and that this establishes a pattern or practice of a lack of safety training and unwillingness to follow safety procedures.

Plaintiff alleges that following the "90% crush amputation" injury of his left thumb, he received deliberately indifferent medical care at MCC. ECF No. 1 at 7. Plaintiff asserts that a hospital surgeon advised that he needed pins put in his thumb, but that Corizon, the medical care provider for MDOC inmates, refused to pay for the surgery. Eight months after the injury, plaintiff states that he still has three fractures in his thumb, he suffers from thumb pain on a daily basis, he has no grip strength, his thumb cannot tolerate cold temperatures, and he commonly experiences numbness and tingling in his thumb.

For relief, plaintiff wants MVE to be inspected by the Occupational Safety and Health Administration ("OSHA") and forced to comply with all OSHA standards of safety. In addition, plaintiff also seeks retraining or replacement of MVE supervisors; federal oversight of MVE for at least one year; a temporary restraining order barring MDOC and MVE staff from retaliating against him; actual damages of $25,000; and punitive damages of $100,000.

Plaintiff attached to his complaint documents from the grievance he filed at MCC concerning his thumb injury. In response to plaintiff's Informal Resolution Request, the MDOC found that the Metal Plant was not at fault because: plaintiff should have known about the safety rules and guidelines concerning his work from safety documents he was required to read (and that he signed) before beginning his work; plaintiff should have informed a supervisor if he was not properly trained on a piece of equipment (and he did not); plaintiff was never instructed by any supervisor that he could not use the hand restraints on a machine; that this was plaintiff's fifth injury in the Metal Plant; and that plaintiff was seen on videotape leaning into the press-brake machine, while operating it, right before the injury occurred. ECF No. 1-2 at 2. In the "Warden's Response" to plaintiff's appeal of these findings, defendant Minor resolved plaintiff's grievance by emphasizing that plaintiff admitted knowing that there were no hand restraints on the machine but that he "choose to operate it anyway directly violating the safety rules [that plaintiff] signed." *Id.* at 4.

**Discussion**

The Eighth Amendment's prohibition on cruel and unusual punishment, as applied to States through the fourteenth amendment, limits the conditions in which a State may confine convicted criminals. *See Rhodes v. Chapman*, 452 U.S. 337 (1981); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Robinson v. California*, 370 U.S. 660 (1962). The Eighth Amendment prohibits prison officials from acting with deliberate indifference to prisoners' safety, *Bibbs v.*

*Armontrout,* 943 F.2d 26, 27 (8th Cir. 1991), and conditions of confinement claims include threats to an inmate's health and safety. *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008).

Prison work requirements may constitute cruel and unusual punishment in violation of the Eighth Amendment if "prison officials knowingly compel convicts to perform physical labor which is beyond their strength, or which constitutes a danger to their lives or health, or which is unduly painful." *Ray v. Mabry*, 556 F.2d 881, 882 (8th Cir. 1977) (per curiam) (*quoting Talley v. Stephens*, 247 F.Supp 683, 687 (E.D. Ark. 1965)); *see also Franklin v. Banks*, 979 F.2d 1330, 1332 (8th Cir. 1992). "[D]eliberate indifference requires a highly culpable state of mind approaching actual intent." *Choate v. Lockhart,* 7 F.3d 1370, 1374 (8th Cir. 1993). To prevail on such a claim, plaintiff must establish an objective element, which asks whether the condition was sufficiently serious to warrant constitutional protection, and a subjective element, which asks whether the defendants acted with a sufficiently culpable state of mind. *Id.* at 1373.

However, in this case, plaintiff brings all of his claims against defendants in their official capacities only. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is

an agent"). As such, plaintiff's official capacity claims against all defendants are actually claims against their employer, Missouri Department of Corrections.[1]

In order to prevail on an official capacity claim against MDOC, plaintiff must establish the liability of MDOC itself for the alleged conduct. *See Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018); *Kelly*, 813 F.3d at 1075. In order to demonstrate such liability, plaintiff must show that the constitutional violation resulted from (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *See Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018).

*Pro se* plaintiff's complaint has discernible allegations of MDOC having an unofficial custom of deactivating the hand restraint safety system on the press-brake machines at the MVE Metal Plant in order to speed up production. Also, plaintiff alleges a deliberately indifferent failure to train and supervise on the part of the MVE staff. However, plaintiff's allegations really sound more like individual-capacity claims for compelling him to perform work that constitutes a danger to his life and safety in violation the Eighth Amendment.

Plaintiff also seems to be attempting to assert an Eighth Amendment claim for deliberate indifference to his serious medical needs. *See Luckert v. Dodge Cty.*, 684 F.3d 808, 817 (8th Cir. 2012). Deliberate indifference may be demonstrated by prison officials who intentionally deny or delay access to medical care. *Estelle,* 429 U.S. at 104-05. However, although plaintiff alleges that his thumb injury has not been treated and properly cared for, none of the defendants named in the complaint were involved in or responsible for any of plaintiff's medical care at MCC. Plaintiff admits in his complaint that the decision not to place pins in his thumb was made by

---

[1] Even MVE defendants are employees of MDOC because according to the MVE website, "Missouri Vocational Enterprises (MVE) is a program of the Division of Offender Rehabilitative Services within the Missouri Department of Corrections." *See* https://docservices.mo.gov/mve/products/about.html (last visited June 18, 2019).

Corizon based on financial considerations. However, none of the defendants are employees of Corizon.

Because plaintiff is proceeding *pro se*, the Court will allow plaintiff the opportunity to file an amended complaint to clarify the claims he seeks to bring here. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so it must include all claims plaintiff wishes to bring. *E.g.*, *In re Wireless Tele. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the amended complaint on a court-provided form, and the amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.[2]

In the "Statement of Claim" section, in separate, numbered paragraphs plaintiff should set forth the specific factual allegations supporting his claim or claims against each defendant, as well as the constitutional right or rights that defendant violated. Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that defendant violated. Plaintiff's failure to make specific and actionable allegations against any defendant will result in that defendant's dismissal from this case.

---

[2] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

### Appointment of Counsel

Finally, the Court denies plaintiff's motion for appointment of counsel without prejudice. There is no constitutional or statutory right to appointed counsel in civil cases. *See Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). To determine whether to appoint counsel, the Court considers several factors, including whether: (1) the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) the plaintiff will substantially benefit from the appointment of counsel; (3) there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005. After considering these factors, the Court finds that the facts and legal issues involved in plaintiff's case are not so complicated that the appointment of counsel is warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.70 within **twenty-one (21) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, plaintiff shall file an amended complaint on the Court-provided form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that upon submission of the amended complaint, the Court shall again review this action pursuant to 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 4] is **DENIED without prejudice**.

Dated this 24th day of July, 2019.

                                                              _/s/ Audrey G. Fleissig_
                                                               AUDREY G. FLEISSIG
                                                               UNITED STATES DISTRICT JUDGE