**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

JEFFREY L. JOSEPH,                          )
                                            )
      Plaintiff,                       )
                                            )
      vs.                              )       Case No. 2:19-CV-22 AGF
                                            )
CRAIG WHEELER, et al.,                      )
                                            )
      Defendants.                      )

## MEMORANDUM AND ORDER

This matter is before the Court upon the amended complaint of *pro se* plaintiff Jeffrey L. Joseph.  ECF No. 8.  The Court previously granted plaintiff *in forma pauperis* status and reviewed his 42 U.S.C. § 1983 complaint under 28 U.S.C. § 1915.  ECF No. 5.  Based on that review, the Court directed plaintiff to file an amended complaint on a Court-provided form and in compliance with the Court's instructions.  The Court warned plaintiff that his amended complaint would also be reviewed under § 1915.

The Court finds that plaintiff's amended complaint states a claim for cruel and unusual punishment under the Eighth Amendment against defendants Dennis Shepard, Craig Wheeler, and Kirt Schmiedeskamp except to the extent that plaintiff seeks money damages on his official-capacity claims, because such damages are barred by the Eleventh Amendment.  As to defendants Ryan Crews and Dean Minor, and to the extent plaintiff claims he received deliberately indifferent medical care under the Eighth Amendment, the Court finds that the amended complaint fails to state a claim upon which relief may be granted.  Therefore, the Court will partially dismiss the amended complaint but will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the amended complaint.  *See* 28 U.S.C. § 1915(e)(2).

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."  *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  *Id.* at 679.

When reviewing a *pro se* complaint under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that, if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).  However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

**Background**

*Pro se* plaintiff is an inmate with the Missouri Department of Corrections ("MDOC"),

confined at Moberly Correctional Center ("MCC").  During his incarceration, plaintiff has

worked for Missouri Vocational Enterprises ("MVE") in the metal plant at MCC.  In his

complaint, brought under 42 U.S.C. § 1983 for a violation of his civil rights, plaintiff named five

defendants: (1) Craig Wheeler (Assistant Director at MVE metal plant); (2) Dennis Shepard

(Director at MVE metal plant); (3) Kurt Schmiedeskamp (Supervisor of press-brake line at MVE

metal plant); (4) Dean Minor (Warden at MCC); and (5) Ann Precythe (MDOC Director of

Adult Institutions).  Plaintiff named all defendants in their official capacities only.

Plaintiff stated that, on July 20, 2018, he was being trained by another inmate on how to

use the press-brake machine at the MVE metal plant.  At the time of his training, the "hand

restraint safety system was not operable."  ECF No. 1 at 5.  Plaintiff was informed that the safety

system was not used because it slows production.  Due to parts sticking on the machine,

plaintiff's trainer sprayed the machine with WD 40.  After the spraying, when plaintiff stepped

forward to activate the foot switch on the machine, his hand slipped on the "oily" surface and

came under the press as it came down.  *Id.*  Plaintiff's left thumb was crushed with 350 pounds

of force.

Plaintiff alleged that his Eighth Amendment right to reasonable protection from injury

was violated by defendants when they acted with deliberate indifference to his physical safety.

According to plaintiff, the hand safety restraint system on the press-brake machine was

intentionally disabled, despite the risk of harm to plaintiff and other workers.  Plaintiff alleged

that he was injured because of the lack of proper training and complete lack of managerial

oversight.  Plaintiff stated that there was another injury at the metal plant on the same day as his

injury, and argued that these facts established a pattern or practice of a lack of safety training and unwillingness to follow safety procedures on the part of the defendants.

Plaintiff also alleged that following the "90% crush amputation" injury of his left thumb, he received deliberately indifferent medical care at MCC.  ECF No. 1 at 7.  Plaintiff asserted that a hospital surgeon advised that he needed pins put in his thumb, but that Corizon, the medical care provider for MDOC inmates, refused to pay for the surgery.  Eight months after the injury, plaintiff still had three fractures in his thumb, he still suffered from thumb pain on a daily basis, he had no grip strength, his thumb could not tolerate cold temperatures, and he commonly experienced numbness and tingling in his thumb.

On July 24, 2019, the Court reviewed plaintiff's complaint under 28 U.S.C. § 1915(e)(2) and directed him to file an amended complaint clarifying his claims.  ECF No. 5.  The Court noted that plaintiff's allegations sounded like individual-capacity claims for violations of the Eighth Amendment's prohibition on deliberate indifference to a prisoner's safety, but that plaintiff only named defendants in their official capacities (and not their individual capacities).  In addition, although plaintiff asserted an Eighth Amendment claim for deliberately indifferent medical care as related to his thumb injury, plaintiff did not name any defendants who provided medical care, such as employees of medical care provider Corizon.

**The Amended Complaint**

After the Court granted plaintiff an extension of time, he filed his amended 42 U.S.C. § 1983 complaint on November 18, 2019.  ECF No. 8.  Plaintiff names five defendants in his amended complaint: (1) Ryan Crews (Deputy Division Director of MDOC); (2) Dean Minor (Warden at MCC); (3) Dennis Shepard (Director at MVE metal plant); (4) Craig Wheeler (Assistant Director at MVE metal plant); and (5) Kirt Schmiedeskamp (Supervisor at MVE metal plant).  Plaintiff names all defendants in both their individual and official capacities.

Plaintiff asserts similar allegations in his amended complaint as those alleged initially.  In July 2018,[1] plaintiff was injured while working a press-brake machine at the MVE metal plant located at MCC.  ECF No. 8 at 5.  According to the grievance filed by plaintiff after the accident (and attached to the amended complaint), the machine he was using had to be sprayed with WD-40 because a part was sticking.  *Id.* at 23.  At the time, the machine's safety guards had been removed because they slowed production.  Due to the slippery surface caused by the spray, plaintiff's hand slipped and his left thumb was crushed.

Plaintiff suffered a "90% crush amputation" injury to his left thumb.  *Id.* at 12. According to plaintiff, the plastic surgeon at the hospital where he was taken to treat the injury recommended that pins be placed in his thumb to stabilize it.  However, plaintiff asserts that Corizon declined to pay for that surgery and that he still has had no surgical repair of his thumb. As of December 2018, plaintiff still had multiple fractures in his thumb and no bone growth due to his poor prison diet.  Plaintiff asserts that he still suffers from thumb pain, numbness, and tingling; he has no grip strength in his left hand; his thumb is intolerant to cold temperatures; and he suffers from emotional pain, depression, and problems sleeping as a result of the constant ridicule and humiliation from MCC staff about the injury.  *Id.* at 12-13.

Plaintiff claims that it is common practice at the MVE metal plant that machine safety devices are not used because they slow production.  Plaintiff also asserts that supervisors at the metal plant are not familiar with machine operation and cannot answer questions regarding their use, instead sending workers to seek answers from other inmates.  ECF No. 8 at 27.  These failings, along with a general lack of managerial oversight at the plant, have led to injuries like

---

[1] It is unclear exactly what date in July 2018 plaintiff's injury occurred.  His amended complaint contains multiple, differing dates.  *See* ECF No. 8 at 5 (stating accident occurred on "7-28-2018"), 16 (stating accident occurred on "7/20/2018").

plaintiff's.  Plaintiff states that another offender was injured the same day that he was injured, also on a press-brake machine.  ECF No. 8 at 16.

Plaintiff alleges that defendant supervisor Schmiedeskamp is responsible for safety and instruction at the MVE metal plant and that he failed to provide adequate supervision and training.  According to plaintiff, Schmiedeskamp told plaintiff that the hand restraint system on the press-brake machine was disabled because it slow production and "just don't get your hand caught in there."  *Id.* at 5.  Plaintiff asserts that Schmiedeskamp is responsible for the plant's unofficial custom of disabling the safety system in violation of safety standards.  Plaintiff alleges that this deliberate disregard for his safety, in light of Schmiedeskamp's knowledge of the risk of potential injury, violated plaintiff's Eighth Amendment rights.  *Id.* at 5-6.

According to plaintiff, defendant Schmiedeskamp's direct supervisor is defendant Wheeler, the assistant director at the MVE metal plant.  Wheeler is responsible for the day-to-day operations at the plant and the training of all plant supervisors and instructors.  Plaintiff alleges that Wheeler "as a supervisor would have been part of a decision to disable/deactivate the hand restraint safety system," and therefore he is "an agent in a conspiracy to implement unsafe working conditions" and "he knowingly approved a[n] unofficial custom of disabling/deactivating the hand restraint safety system."  *Id.* at 6.  Plaintiff asserts that Wheeler has violated his duty to protect and that his actions indicate a "deliberate indifference to the constitutional rights and safety of the offender workers."  *Id.* at 7.  Plaintiff complains that Wheeler did not order a shutdown of the press-brake machine line after plaintiff's injury, which resulted in a similar injury to another worker about ten minutes later.  *Id.*  In addition, plaintiff states that he received a 120-day work restriction after his injury but that after only two months off, he was ordered to work or be fired.  *Id.* at 5.  Overall, plaintiff claims that Wheeler's lack of

concern for the unsafe working conditions, in light of the known risks, violated his Eighth Amendment rights.

Defendant Shepard is the director of the MVE metal plant and therefore the supervisor over defendants Wheeler and Schmiedeskamp.  As such, plaintiff asserts that Shepard is responsible for all operations, training, instruction, and adherence to safety guidelines at the plant.  *Id.* at 7.  Plaintiff alleges that Shepard was involved in the decision to disable the hand restraint safety system and thus is also "an agent in a conspiracy" in which he "knowingly approved an unofficial custom of disabling/deactivating the hand restraint safety system."  *Id.* Like Wheeler, Shepard's actions exhibit a failure in his duty to protect and show deliberate indifference in violation of the Eighth Amendment.  Shepard demonstrated this deliberate indifference when he gave first aid to plaintiff after his thumb injury, but then Shepard failed to shut down the press-brake line, resulting in a similar injury to another worker.  *Id.* at 8.

Defendant Minor is the warden at MCC.  Plaintiff states that Minor is responsible for the safety and security of the offenders who are incarcerated at MCC and the training of the MCC staff.  Plaintiff claims that Minor had knowledge of the unsafe working conditions at the MVE metal plant, based on the grievance filed by plaintiff and denied by Minor on October 5, 2018. *See* ECF No. 8 at 25-26.  According to plaintiff, Minor breached his duty to protect when he took no action to ensure that safety measures were being followed – in light of his knowledge of the safety violations – making him also an agent in the conspiracy to violate plaintiff's constitutional rights.  *Id.* at 8-9.

Defendant Crews, the Deputy Division Director for MDOC, is the direct supervisor of defendant Minor and the person who reviewed and denied plaintiff's grievance appeal on January 4, 2019.  *See* ECF No. 8 at 9, 27-28.  Like Minor, plaintiff alleges that Crews is responsible for the safety and security of MCC inmates, and for the proper training of all MCC

staff.  Plaintiff asserts that Crews failed in his duties to protect and train resulting in deliberate indifference to plaintiff's Eighth Amendment rights.  *Id.* at 9.  In addition, Crews' denial of plaintiff's grievance appeal makes him an agent in the conspiracy of continuing unsafe working conditions at the MVE metal plant.  *Id.* at 9-10.

For relief, plaintiff wants MVE to be inspected by the Occupational Safety and Health Administration ("OSHA") and forced to comply with all OSHA standards of safety.  In addition, plaintiff also seeks retraining or replacement of MVE supervisors; federal oversight of MVE for at least one year; a temporary restraining order barring MDOC and MVE staff from retaliating against him; actual damages of $50,000; and punitive damages of $200,000.

As discussed above, plaintiff attached to his amended complaint grievance documents filed at MCC concerning his thumb injury.  ECF No. 8 at 23-28.  In response to plaintiff's Informal Resolution Request, the MDOC found that the metal plant was not at fault because: plaintiff should have known about the safety rules and guidelines concerning his work from safety documents he was required to read (and that he signed) before beginning his work; plaintiff should have informed a supervisor if he was not properly trained on a piece of equipment (and he did not); plaintiff was never instructed by any supervisor that he could not use the hand restraints on a machine; this was plaintiff's fifth injury in the metal plant; and plaintiff was seen on videotape leaning into the press-brake machine, while operating it, right before the injury occurred.  ECF *Id.* at 24.  Plaintiff replied by stating in his grievance that there were no hand restraints on the machine he was using, that he had never been instructed by a supervisor at the metal plant, and that he was not leaning on the machine but instead, he was adjusting the back stops when his hand slipped on the surface previously sprayed with WD-40.  *Id.* at 25.  In the "Warden's Response" to plaintiff's grievance filing, defendant Minor resolved plaintiff's grievance by emphasizing that plaintiff admitted knowing that there were no hand restraints on

the machine but that he "choose to operate it anyway directly violating the safety rules [that plaintiff] signed." *Id.* at 26. Defendant Crews summarily denied plaintiff's grievance appeal, noting that he filed it out of time under MDOC policy. *Id.* at 28.

## Discussion

Having carefully reviewed and liberally construed plaintiff's allegations, the Court will allow plaintiff's Eighth Amendment claims of cruel and unusual punishment to proceed as to defendants who are involved in the operation of the MVE metal plant – director Dennis Shepard, assistant director Craig Wheeler, and supervisor Kirt Schmiedeskamp – except to the extent that plaintiff seeks money damages against these defendants in their official capacity. Official-capacity claims against state officials are barred by the Eleventh Amendment. In addition, the Court finds that plaintiff's allegations fail to state a valid § 1983 claim against MDOC defendants Ryan Crews and Dean Minor, so these defendants shall be dismissed under 28 U.S.C. § 1915(e)(2). Furthermore, as plaintiff named no medical defendants in his amended complaint, his allegations regarding deliberately indifferent medical care must also be dismissed.

A. <u>MVE Metal Plant Defendants: Shepard, Wheeler, and Schmiedeskamp</u>

The Eighth Amendment's prohibition on cruel and unusual punishment, as applied to States through the fourteenth amendment, limits the conditions in which a State may confine convicted criminals. *See Rhodes v. Chapman*, 452 U.S. 337 (1981); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Robinson v. California*, 370 U.S. 660 (1962). The Eighth Amendment prohibits prison officials from acting with deliberate indifference to prisoners' safety, *Bibbs v. Armontrout,* 943 F.2d 26, 27 (8th Cir. 1991), and conditions of confinement claims include threats to an inmate's health and safety. *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008).

Prison work requirements may constitute cruel and unusual punishment in violation of the Eighth Amendment if "prison officials knowingly compel convicts to perform physical labor

which is beyond their strength, or which constitutes a danger to their lives or health, or which is unduly painful."  *Ray v. Mabry*, 556 F.2d 881, 882 (8th Cir. 1977) (per curiam) (*quoting Talley v. Stephens*, 247 F.Supp. 683, 687 (E.D. Ark. 1965)); *see also Franklin v. Banks*, 979 F.2d 1330, 1332 (8th Cir. 1992).  "[D]eliberate indifference requires a highly culpable state of mind approaching actual intent."  *Choate v. Lockhart,* 7 F.3d 1370, 1374 (8th Cir. 1993).

Plaintiff adequately states an Eighth Amendment cruel and unusual punishment claim against the three MVE metal plant defendants in their individual capacities.  He alleges that the MVE metal plant defendants acted with deliberate indifference to his safety when they intentionally circumvented machine safety devices to increase production speed, in full knowledge of the danger to the lives and health of inmate workers.

Plaintiff's official-capacity claims against MVE metal plant defendants also survive initial review, except to the extent that plaintiff seeks money damages.  Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  In an official capacity claim against an individual, the claim is actually "against the governmental entity itself."  *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017).  Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer."  *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).  As such, plaintiff's official capacity claims against MVE metal plant defendants are actually claims against their employer, the Missouri Department of Corrections – an agency of the State of Missouri.[2]

---

[2] Even MVE defendants are employees of MDOC because according to the MVE website, "Missouri Vocational Enterprises (MVE) is a program of the Division of Offender Rehabilitative Services within the Missouri Department of Corrections."  *See* https://docservices.mo.gov/mve/products/about.html (last visited June 18, 2019).

"[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will*, 491 U.S. at 71; *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "suit for damages against a state official in his official capacity is a suit against the State, and the State is not a person under § 1983"). In the absence of a waiver, the Eleventh Amendment[3] bars a § 1983 suit against a state official acting in his or her official capacity. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998). Accordingly, to the extent plaintiff is attempting to sue MVE metal plant defendants for money damages, his official-capacity claims are barred by the Eleventh Amendment and will be dismissed. *Andrus ex rel. Andrus v. Ark.*, 197 F.3d 953, 955 (8th Cir. 1999) ("A claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment."); *Arizonans for Official English v. Ariz.*, 520 U.S. 43, 69 n.24 (1997) ("State officers in their official capacities, like States themselves, are not amenable to suit for damages under § 1983.").

However, to the extent plaintiff seeks to sue MVE metal plant defendants in their official capacity for declaratory and injunctive relief, "those claims are treated as an action against the official personally and not against the State." *Calzone*, 866 F.3d at 872. "The Eleventh Amendment does not bar official-capacity claims for injunctive relief against state officials." *Andrus*, 197 F.3d at 955 (citing *Ex Parte Young*, 209 U.S. 123 (1908)); *see also Fond du Lac Band of Chippewa Indians v. Carlson*, 68 F.3d 253, 255 (8th Cir. 1995) ("suits may be brought in federal court against state officials in their official capacities for prospective injunctive relief to prevent future violations of federal law") (citing *Ex Parte Young*, 209 U.S. 123 (1908)). Therefore, the Court will allow plaintiff's Eighth Amendment claims for cruel and unusual

---

[3] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend XI.

punishment to proceed against MVE metal plant defendants Shepard, Wheeler, and Schmiedeskamp, except for the official-capacity claims for money damages.

B.  MDOC Defendants: Crews and Minor

Plaintiff's allegations against the MDOC defendants Crews and Minor are based on grievance denials and supervisor liability.  Crews and Minor may be responsible for inmates incarcerated at MCC, but there are no allegations that they have any control or supervisory responsibilities over the MVE metal plant where plaintiff's injury occurred.  Plaintiff does not allege that Minor or Crews were personally involved in or directly responsible for any unconstitutional conduct which resulted in plaintiff's injury.  In addition, the denial of plaintiff's grievance by Crews and Minor does not establish a conspiracy between defendants.  Plaintiff's amended complaint fails to state a claim for relief against defendants Crews and Minor.

To the extent plaintiff seeks to argue that Crews and Minor failed in their duties regarding training or supervision of MCC staff, "[a] supervisor may not be held liable under § 1983 for the constitutional violations of a subordinate on a respondeat superior theory." *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001) (*citing Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995)).  "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."  *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).  Plaintiff cannot hold the MDOC defendants liable simply because they held supervisory or administrative positions at MCC.

To state a claim under § 1983, plaintiff must plead that a government official has personally violated his constitutional rights. *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) (citing *Iqbal*, 556 U.S. at 676).  In requiring a plaintiff to allege facts showing each

defendant's personal involvement in the deprivation of his constitutional rights, the Court assesses each defendant relative to his or her authority over the claimed constitutional violation. *Id.* A person with a supervisory or administrative position may be liable if his or her direct action or failure to supervise and train the offending employee caused the constitutional violation. *Id.* (citations omitted). Such person's personal involvement can also be established by allegations that he or she was directly involved in "creating, applying, or interpreting a policy" that gives rise to unconstitutional conditions. *Id.* (citations omitted).

Here, plaintiff does not allege that Crews or Minor took any direct action which resulted in the injury to him. Neither does plaintiff allege that Minor or Crews supervised or trained any of the MVE metal plant defendants, nor did they create, apply, or interpret a policy which caused his injury. Instead, plaintiff simply asserts that Crews and Minor violated a general duty to protect MCC inmates. This is not enough to establish personal involvement or direct liability as required by § 1983. As to defendant Minor, it is well-established that "a warden's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement." *Reynolds v. Dormire,* 636 F.3d 976, 981 (8th Cir. 2011) (quoting *Ouzts v. Cummins*, 825 F.2d 1276, 1277 (8th Cir. 1987) (per curiam)).

Plaintiff also states that the denial of his grievance by Crews and Minor establish that they were agents in a conspiracy to allow unsafe working conditions at the MVE metal plant. To demonstrate the existence of a § 1983 conspiracy, plaintiff's allegations "must be pled with sufficient specificity and factual support to suggest a 'meeting of the minds.'" *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988) (quoting *Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir. 1983) (per curium)). Plaintiff must allege a 'meeting of the minds' among the conspirators "sufficient to support the conclusion that the defendants reached an agreement to deprive the plaintiff of constitutionally guaranteed rights." *Burton v. St. Louis Bd. of Police Comm'rs*, 731 F.3d 784,

- 13 -

798-99 (8th Cir. 2013).  Here, plaintiff provides no factual support for any meeting of the minds or agreement between the defendants.  Plaintiff's bare assertion of a conspiracy is not sufficient to state a § 1983 conspiracy claim.  *See Iqbal*, 556 U.S. at 678 (to state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements").[4]

For all of these reasons, the Court finds that plaintiff's amended complaint fails to state a § 1983 claim upon which relief may be granted against defendants Ryan Crews and Dean Minor. *See* 28 U.S.C. § 1915(e)(2).  As a result, these two defendants will be dismissed.

C. Eighth Amendment Deliberate Indifference to Serious Medical Needs Claim

To the extent plaintiff seeks to assert an Eighth Amendment claim for deliberate indifference to his serious medical needs, such a claim fails.  Deliberate indifference may be demonstrated by prison officials who intentionally deny or delay access to medical care.  *Estelle v. Gamble,* 429 U.S. 97, 104-05 (1976).  Although plaintiff alleges that his thumb injury has not been treated and properly cared for, none of the defendants named in the amended complaint were involved in or responsible for any of plaintiff's medical care at MCC.  *See Martin*, 780 F.2d 1334, 1338 (8th Cir. 1985).  Plaintiff alleges in his amended complaint that the decision not to place pins in his thumb was made by Corizon, based on financial considerations.  However, none of the defendants are employees of Corizon.  As such, plaintiff's Eighth Amendment claims based on inadequate medical care will be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2).

---

[4] To the extent that plaintiff is asserting § 1983 claims against defendants Crews and Minor based on their denial of his grievance alone, such allegations do not state a claim for relief.  There is no federal constitutional right to a prison grievance procedure, and neither state law nor state policy creates one.  Therefore, if a state elects to provide a grievance mechanism, violations thereof will not give rise to a § 1983 claim.  *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (a prison officials' failure to process or investigate grievances, without more, is not actionable under § 1983; grievance procedure is procedural right only and does not confer substantive right on inmate).

**Second Motion for Appointment of Counsel**

Finally, plaintiff has filed a second motion for appointment of counsel.  ECF No. 9.  The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court.  *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).  There is no constitutional or statutory right to appointed counsel in civil cases.  *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984).  Once the plaintiff has alleged a *prima facie* claim, the Court must determine the plaintiff's need for counsel to effectively litigate his claim.  *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986).  The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel.  *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds*, *Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005).   This determination involves the consideration of several relevant criteria, including "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments."  *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is not warranted at this time. The action appears to involve straightforward questions of fact rather than complex questions of law, and plaintiff appears able to clearly present his claims.  He has filed an articulate and readily understood pleading which indicates that he is capable of clear expression and appropriate organization of content.  Further, the request for counsel is premature, as defendants have not yet been served, and the Court has not issued any Case Management Order. The Court concludes that the appointment of counsel would not be of sufficient benefit to the Court or to plaintiff at this time, and will deny plaintiff's motion for appointment of counsel without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the amended complaint as to defendants Dennis Shepard, Craig Wheeler, and Kirt Schmiedeskamp, with regard to plaintiff's Eighth Amendment claims for cruel and unusual punishment brought against these defendants in their individual and official capacities.  These defendants shall be served with process in accordance with the waiver agreement the Court maintains with the Missouri Attorney General's Office for service on Missouri Department of Corrections Employees.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the amended complaint as to defendants Ryan Crews and Dean Minor because, as to these defendants, the amended complaint fails to state a claim upon which relief may be granted. Plaintiff's claims against defendants Ryan Crews and Dean Minor are **DISMISSED without prejudice**. 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the amended complaint as to any official-capacity claim for money damages because the Eleventh Amendment bars such claims.  Plaintiff's claims for money damages against all defendants in their official capacity are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the amended complaint as to any defendant for claims of Eighth Amendment deliberately indifferent medical care because, as to these allegations, the amended complaint fails to state a claim upon which relief may be granted.  Plaintiff's claims alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment are **DISMISSED without prejudice**.  28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. #9] is **DENIED without prejudice** at this time.

**IT IS FURTHER ORDERED** that an appeal of this partial dismissal would not be taken in good faith.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 14th day of May, 2020.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

- 17 -