## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## NORTHERN DIVISION

| | | |
|---|---|---|
| JEFFREY L. JOSEPH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:19-CV-22 AGF |
| | ) | |
| CRAIG WHEELER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' Motion to Dismiss.  ECF No. 18.  Defendants argue that plaintiff's Amended Complaint is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted and because defendants are entitled to qualified immunity.  In addition, to the extent that plaintiff is alleging 42 U.S.C. § 1983 claims based on a theory of respondeat superior, defendants argue that such claims are impermissible.  Self-represented plaintiff has responded to the motion, defendants have filed a reply, and plaintiff has filed a sur-reply.  The matter is now fully briefed for the Court's review.  For the reasons stated below, the motion will be denied.  As such, the defendants should file an Answer to plaintiff's Amended Complaint in the time allowed by the Federal Rules.

### Background

Self-represented plaintiff Jeffrey Joseph is an inmate with the Missouri Department of Corrections ("MDOC"), confined at Moberly Correctional Center ("MCC").  During his incarceration, plaintiff has worked for Missouri Vocational Enterprises ("MVE") in the metal plant at MCC.  In his Amended Complaint, brought under 42 U.S.C. § 1983 for a violation of his civil rights, plaintiff names five defendants in both their individual and official capacities: (1) Ryan Crews (Deputy Division Director of MDOC); (2) Dean Minor (Warden at MCC); (3) Dennis

Shepard (Director at MVE metal plant); (4) Craig Wheeler (Assistant Director at MVE metal plant); and (5) Kirt Schmiedeskamp (Supervisor at MVE metal plant).  ECF No. 8.

After review of the Amended Complaint, the Court found that plaintiff adequately stated a claim for cruel and unusual punishment under the Eighth Amendment against defendants Dennis Shepard, Craig Wheeler, and Kirt Schmiedeskamp – except to the extent that plaintiff sought money damages on his official-capacity claims, because such damages are barred by the Eleventh Amendment.  *See* ECF No. 10.  As to defendants Ryan Crews and Dean Minor, and to the extent plaintiff claimed he received deliberately indifferent medical care under the Eighth Amendment, the Court found that the amended complaint failed to state a claim upon which relief may be granted.

The allegations of plaintiff's Amended Complaint, relevant to his claims against the three remaining defendants (who have filed the Motion to Dismiss) are as follows.  In July 2018, plaintiff was injured while working a press-brake machine at the MVE metal plant located at MCC.  According to plaintiff, the machine he was using had to be sprayed with WD-40 because a part was sticking.  At the time, the machine's hand restraint safety guards had been removed because they slowed production.  Due to the slippery surface caused by the spray, plaintiff's hand slipped under the press as it came down.  Plaintiff's left thumb was crushed, resulting in a 90% crush amputation injury.

Plaintiff alleges that his Eighth Amendment right to reasonable protection from injury was violated by defendants when they acted with deliberate indifference to his physical safety.  According to plaintiff, it is common practice at the MVE metal plant that machine safety devices are not used because they slow production.  The hand safety restraint system on the press-brake machine was intentionally disabled, despite the risk of harm to plaintiff and other workers.  Plaintiff also asserts that supervisors at the metal plant are not familiar with machine operation and

- 2 -

cannot answer questions regarding their use, instead sending workers to seek answers from other inmates.  Plaintiff alleges that he was injured because of a lack of proper training and managerial oversight.  Plaintiff states that there was another injury at the metal plant on the same day as his injury and argues that these facts established a pattern or practice of a lack of safety training and unwillingness to follow safety procedures on the part of the defendants.

Plaintiff alleges that defendant supervisor Kurt Schmiedeskamp is responsible for safety and instruction at the MVE metal plant and that he failed to provide adequate supervision and training.  According to plaintiff, Schmiedeskamp told plaintiff that the hand restraint system on the press-brake machine was disabled because it slows production and he warned plaintiff: "just don't get your hand caught in there."  Plaintiff asserts that Schmiedeskamp is responsible for the plant's unofficial custom of disabling the safety system in violation of safety standards.  Plaintiff states that this deliberate disregard for plaintiff's safety, in light of Schmiedeskamp's knowledge of the risk of potential injury, violated plaintiff's Eighth Amendment rights.

Defendant Schmiedeskamp's direct supervisor is defendant Craig Wheeler, the assistant director at the MVE metal plant.  Wheeler is responsible for the day-to-day operations at the plant and the training of all plant supervisors and instructors.  Plaintiff alleges that Wheeler "as a supervisor would have been part of a decision to disable/deactivate the hand restraint safety system," and therefore he is "an agent in a conspiracy to implement unsafe working conditions." Furthermore, according to plaintiff, Wheeler "knowingly approved a[n] unofficial custom of disabling/deactivating the hand restraint safety system."  Plaintiff asserts that Wheeler has violated his duty to protect inmate workers and that Wheeler's actions indicate a "deliberate indifference to the constitutional rights and safety of the offender workers."  Plaintiff complains that Wheeler did not order a shutdown of the press-brake machine line after plaintiff's injury, which resulted in a similar injury to another worker about ten minutes later.  In addition, plaintiff states that he

- 3 -

received a 120-day work restriction after his injury but that after only two months off, he was ordered to work or be fired by Wheeler. Overall, plaintiff claims that Wheeler's lack of concern for the unsafe working conditions, in light of the known risks, violated his Eighth Amendment rights.

Defendant Dennis Shepard is the director of the MVE metal plant and therefore the supervisor over defendants Wheeler and Schmiedeskamp. As such, plaintiff asserts that Shepard is responsible for all operations, training, instruction, and adherence to safety guidelines at the plant. Plaintiff alleges that Shepard was involved in the decision to disable the hand restraint safety system and thus he is also "an agent in a conspiracy" in which he "knowingly approved an unofficial custom of disabling/deactivating the hand restraint safety system." Like Wheeler, Shepard's actions exhibit a failure in his duty to protect and show deliberate indifference in violation of the Eighth Amendment. Shepard demonstrated this deliberate indifference when he gave first aid to plaintiff after his thumb injury, but then Shepard did not shut down the press-brake line, resulting in a similar injury to another worker.

**Motion to Dismiss**

## I.    Arguments of the Parties

Now before the Court is defendants' Motion to Dismiss plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). ECF No. 18. Defendants argue that they are entitled to the protection of qualified immunity against plaintiff's claims. ECF No. 19 at 3-6. Defendants assert that plaintiff's Amended Complaint does not articulate allegations that they violated a clearly established constitutional right at the time of the alleged incident. *Id.* at 4. Defendants argue that plaintiff's Eighth Amendment deliberate indifference claim fails because plaintiff does not allege facts sufficient to satisfy facial plausibility that they were aware of an excessive risk of safety created by the press brake machine and that they "could have drawn an

inference that a risk of serious harm exists." *Id.* at 4-6.  Defendants Wheeler and Shepard also assert that plaintiff fails to provide facts supporting his conclusion that they were involved in the decision to disable the hand restraint system.  *Id.* at 5-6.  In general, defendants argue that plaintiff's allegations are conclusory and lacking in the specificity required to state a claim.

Defendants' second argument is basically the same as their underlying argument for qualified immunity: that Plaintiff's Amended Complaint fails to state a facially plausible Eighth Amendment claim of deliberate indifference.  ECF No. 19 at 6-13.  Defendants assert that plaintiff does not plead sufficient facts to demonstrate that they had actual knowledge of a substantial risk to plaintiff's health and safety.  *Id.* at 8-12.  According to defendants, plaintiff only pleads conclusory allegations without offering support to establish actual knowledge as required under the standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Defendants also argue that plaintiff does not allege that they possessed the requisite mental state – in that, they did not have a sufficiently culpable state of mind – to commit a constitutional violation.  *Id.* at 10-12.  According to defendants, plaintiff "never provides a sufficient factual basis to allege … actual knowledge of the risk" of the press-brake machine and therefore plaintiff fails to state a deliberate indifference claim.  *Id.* at 11.  Defendants assert that plaintiff fails to establish how the decision to disable or deactivate the safety restraint shows actual knowledge of a substantial risk to plaintiff's health and safety.  *Id.* at 12.  As to plaintiff's allegations that Wheeler and Shepard compelled him to work, defendants argue that plaintiff has not established that defendants had knowledge of any risk of harm.

Finally, defendants argue that, to the extent plaintiff is asserting claims based on a theory of respondeat superior (specifically as to defendants Wheeler and Shepard), such claims are impermissible under 42 U.S.C. § 1983 because government officials may not be held liable for the unconstitutional actions of their subordinates.  ECF No. 19 at 13-14.  Defendants acknowledge

though that there are two exceptions to this rule: when a supervisor is personally involved in the incident or when the supervisor's inaction amounts to "tacit authorization."  *Id.* at 13 (citing *Howard v. Adkison*, 887 F.2d 134, 138 (8th Cir. 1989)).  Defendants assert that plaintiff cannot establish tacit authorization here.

Plaintiff opposes dismissal, arguing that defendants are not entitled to qualified immunity. ECF No. 28.  Plaintiff asserts that any reasonable person would realize the inherently dangerous nature of disabling the manufacturer's safety device on a piece of machinery that operates at "350,000 [pounds] of force."  ECF No. 28 at 4.  Plaintiff alleges that the intentional disablement of a safety restraint indicates bad faith on defendants' part and that "they knew it was wrong and did it anyway, without regard for inmate safety."  *Id.* at 2.  Plaintiff restates his allegations that all three of the defendants had knowledge of the disabling of the restraint system.  Plaintiff had a conversation specifically with Schmiedeskamp about the disablement and was told by Schmiedeskamp that it was done to "increase production."  *Id.*  Also, Schmiedeskamp's desk in the plant faces the press-brake machine, Schmiedeskamp makes periodic rounds through the area containing the machines, and Schmiedeskamp is an instructor in the press-brake area.  *Id.* at 4-5. Plaintiff further asserts that security camera footage and previous injury reports (which he will obtain through discovery) will support his assertion that all three defendants were aware of the disablement of the machine safety restraint, based on their daily walks through the metal plant where they spoke with workers on the machines.  *Id.* at 4-6.

In reply, defendants restate their arguments that the allegations of plaintiff's Amended Complaint are inadequate to state a claim, and that they are entitled to the defense of qualified immunity. ECF No. 29.  Defendants assert that plaintiff's bad faith allegation – that bad faith was exhibited by intentional disablement of a safety restraint on the press-brake machine – is just a "bare accusation of malice," not sufficient to defeat qualified immunity protection.  *Id.* at 2 (citing

*Harlow v. Fitzgerald*, 457 U.S. 800, 816 (1982)).  Defendants also argue again that plaintiff has not provided sufficient facts or evidence to support his claim that defendants had the requisite knowledge of the safety disablement to act with deliberate indifference.  *Id.* at 3-6.

Finally, plaintiff filed a sur-reply opposing defendants' Motion to Dismiss.  ECF No. 30.[1] Plaintiff states again that he has provided enough facts to state a plausible claim on its face and that no heightened pleading is required under the Federal Rules.  *Id.* at 6.  He alleges that discovery of accident reports and video camera footage will support his claims, and that he cannot be expected to have already obtained such evidence at this point in the case.  *Id.* at 6-7.  Plaintiff argues that "[i]f there is evidence that a risk was obvious, a judge or jury can conclude that the defendants had actual knowledge of it."  *Id.* at 14.

## II.    Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint.  To survive a motion to dismiss for failure to state a claim, a plaintiff's complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party.  *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) (quoting *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).  But "[c]ourts are not bound to accept as true a legal

---

[1] The Court did not grant plaintiff leave of court to file this sur-reply as required by the Local Rules.  *See* E.D. Mo. Local Rule 4.01(C) (Stating that after the moving party files a reply memorandum, "[a]dditional memoranda may be filed by either party only with leave of Court.").  However, plaintiff is self-represented and therefore he is held to a less stringent standard than attorneys. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Most of plaintiff's sur-reply repeats the same arguments already made, refers to cases not controlling in this circuit, and discusses the irrelevant topic of defining 'bodily injury' based on criminal statutes.  Regardless, the Court has considered the arguments in the sur-reply; however, they were not determinative of the Court's decision here.

conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (internal quotations and citation omitted).

In civil rights actions, a complaint should be liberally construed when determining whether it has stated a cause of action sufficient to survive a motion to dismiss. *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556. Therefore, a motion to dismiss a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994).

## Discussion

As discussed in the Court's review of plaintiff's Amended Complaint under 28 U.S.C. § 1915(e)(2)(B), the Court finds that plaintiff has adequately alleged an Eighth Amendment claim of cruel and unusual punishment against the three defendants to survive dismissal for failure to state a claim. *See* ECF No. 10. Assuming the factual allegations of plaintiff's Amended Complaint are true and construing them in plaintiff's favor, plaintiff has stated a claim to relief that is plausible on its face. Accepting plaintiff's version of the facts, a reasonable juror could find that, by intentionally disabling the safety device on a press machine that uses 350,000 pounds of force, defendants had actual knowledge of a substantial risk of harm to inmates' safety. Given the inherent danger of the particular machine in question and the totality of facts alleged by plaintiff (e.g., lack of training, supervisors' lack of expertise and referral to other inmates for guidance, a history of previous injuries, defendants' prioritization of speed over safety, Schmiedeskamp's comment, "just don't get your hand caught in there"), a reasonable juror conceivably could find deliberate indifference. In short, the Court cannot say, from plaintiff's pleadings alone, that defendants are entitled to the protection of qualified immunity at this stage of the litigation.

Finally, the Court finds that plaintiff's allegations against Wheeler and Shepard are not based on a theory of respondeat superior and therefore, these claims are not subject to dismissal. For all of these reasons, defendants' Motion to Dismiss will be denied.

## I.      Failure to State a Claim under *Iqbal*

The Eighth Amendment's prohibition on cruel and unusual punishment, as applied to States through the Fourteenth Amendment, limits the conditions in which a State may confine convicted criminals. *See Rhodes v. Chapman*, 452 U.S. 337 (1981); *Estelle*, 429 U.S. 97 (1976); *Robinson v. California*, 370 U.S. 660 (1962). The Eighth Amendment prohibits prison officials from acting with deliberate indifference to prisoners' safety, *Bibbs v. Armontrout,* 943 F.2d 26, 27 (8th Cir. 1991), and conditions of confinement claims include threats to an inmate's health and safety. *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008). Prison work requirements may constitute cruel and unusual punishment in violation of the Eighth Amendment if "prison officials knowingly compel convicts to perform physical labor which is beyond their strength, or which constitutes a danger to their lives or health, or which is unduly painful." *Ray v. Mabry*, 556 F.2d 881, 882 (8th Cir. 1977) (per curiam) (*quoting Talley v. Stephens*, 247 F.Supp. 683, 687 (E.D. Ark. 1965)); *see also Franklin v. Banks*, 979 F.2d 1330, 1332 (8th Cir. 1992).

To survive dismissal under Rule 12(b)(6), plaintiff's Amended Complaint "does not need detailed factual allegations;" instead it need only "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. Plaintiff need not plead enough facts to prove he will ultimately prevail; he need only state a claim for relief under relevant law. A self-represented complaint "can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotations and citations omitted). Such is not the case here.

Plaintiff alleges that the defendants acted with deliberate indifference to his safety when they intentionally circumvented machine safety devices to increase production speed, in full knowledge of the danger to the lives and health of inmate workers. Defendants assert that plaintiff fails to establish how the decision to disable or deactivate the safety restraint shows actual knowledge of a substantial risk to plaintiff's health and safety. However, plaintiff need not *prove* actual knowledge at this stage of the litigation – he need only *allege* that defendants had such knowledge, which plaintiff has done. Also, plaintiff need not provide all evidence at this stage of the litigation. Plaintiff states that discovery shall reveal the truth of his allegations. Assuming the factual allegations are true and construing the Amended Complaint in plaintiff's favor, as necessary on a motion to dismiss, the Court finds that the allegations are sufficient to state an Eighth Amendment deliberate indifference claim. The Court cannot say beyond doubt that plaintiff can prove no set of facts which would entitle him to relief, and therefore dismissal is not appropriate.

## II.      Qualified Immunity

Qualified immunity protects officials who acted in an objectively reasonable manner, shielding them from liability when their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To determine whether a defendant is entitled to qualified immunity, courts consider: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). "[D]efendants seeking dismissal under Rule 12(b)(6) based on an assertion of qualified immunity must show that they are entitled to

qualified immunity on the face of the complaint." *Kulkay v. Roy*, 847 F.3d 637, 642 (8th Cir. 2017) (internal citations and quotations omitted).

Defendants do not assert that the second requirement of qualified immunity has not been met here.  There is no dispute that inmates have an Eighth Amendment right to safe conditions of confinement.  Instead, defendants assert that plaintiff has not established that defendants have violated this right.  Specifically, defendants assert that plaintiff has not alleged facts sufficient to establish that defendants acted with deliberate indifference towards plaintiff's safety, because he has not shown that defendants had actual knowledge of a substantial risk posed to plaintiff's health and safety.

 "An official is deliberately indifferent if he or she actually knows of the substantial risk and fails to respond reasonably to it." *Young v. Selk*, 508 F.3d 868, 873 (8th Cir. 2007).  In *Bibbs v. Armontraut*, the Eighth Circuit affirmed a grant of qualified immunity to prison officials on similar claims made by a prisoner who had lost portions of multiple fingers working in a prison license plate manufacturing facility on a machine where the safety guards had been removed.  943 F.2d 26 (8th Cir. 1991).  In that case, after "extensive and thorough discovery" in the district court, the appellate court found that the removal of the safety devices was mere negligence – without wantonness – and therefore, the deliberate indifference standard was not met.  *Id.* at 27.

Here, at this early stage of litigation, plaintiff need not prove actual knowledge but only allege it on the face of the complaint.  Plaintiff asserts in his Amended Complaint that the defendants were all aware of and participated in the decision to disable the hand restraint safety system on the press-brake machine.  Accepting these facts as true, a reasonable juror could find that, by intentionally deactivating a safety restraint on dangerous heavy machinery, defendants knew that they were creating a substantial risk to inmates' safety. Unlike in *Bibbs*, there has not yet been extensive discovery in this case, and the Court must accept as true the factual allegations

- 11 -

in the pleadings.  Viewed in a light favorable to plaintiff, his allegations are sufficient to permit a jury to find a violation of his Eighth Amendment right to avoid cruel and unusual punishment.  *See also Barton v. Taber*, 820 F.3d 958, 967 (8th Cir. 2016) (discussing the significance of the highly deferential motion to dismiss standard at this stage of the proceeding and affirming denial of qualified immunity in finding allegations in the complaint were sufficient to create an inference that defendant was deliberately indifferent).

Furthermore, "[i]n the prison work assignment context, prison officials are deliberately indifferent when they knowingly compel 'an inmate to perform labor that is … dangerous to his or her life or health.' "  *Ambrose v. Young*, 474 F.3d 1070, 1075 (8th Cir. 2007) (quoting *Sanchez v. Taggert*, 144 F.3d 1154, 1156 (8th Cir. 1998)).  Plaintiff alleges that defendants, as the supervisors of the MVE metal plant, were responsible for the plant's unofficial custom of disabling the safety system, in violation of safety standards, in order to speed production.  According to plaintiff, Schmiedeskamp confirmed this fact and just warned plaintiff to keep his hands out of the way.  These allegations could permit a jury to infer that plaintiff was knowingly compelled to work on the press-brake machine under conditions that were dangerous to his life and health.

Defendants' other arguments for qualified immunity also fail.  Defendants assert that plaintiff's allegation of bad faith intent is not enough to establish a "malicious intention."  *See Harlow*, 457 U.S. at 815.  However, showing "malicious intention" is only one way to defeat the defense of qualified immunity.  The U.S. Supreme Court has "held that qualified immunity would be defeated if an official *knew or reasonably should have known* that the action he took within his sphere of official responsibility would violate the constitutional rights of the [plaintiff], *or* if he took the action *with the malicious intention* to cause a deprivation of constitutional rights or other injury."  *Id.* (internal quotation and citation omitted) (emphasis in original).  Here, plaintiff has

- 12 -

alleged sufficient facts that defendants knew or reasonably should have known that they actions would violate plaintiff's rights.

Defendants also argue that there is insufficient evidence to draw an inference of substantial risk of harm.   However, such inference is only necessary where plaintiff is relying on circumstantial evidence.   "To show deliberate indifference via circumstantial evidence, 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.' " *Kulkay*, 847 F.3d at 644 (citing *Farmer*, 511 U.S. at 837).   Here, plaintiff asserts that the evidence will show that defendants had actual knowledge of a substantial risk of harm.   Under the highly deferential pleading standard at this stage of the litigation, plaintiff's allegations are sufficient to defeat the defense of qualified immunity for the three defendants.

## III.    Respondeat Superior Theory

Finally, defendants argue that plaintiff's respondeat superior claims against defendants Wheeler and Shepard are impermissible under 42 U.S.C. § 1983 because government officials may not be held liable for the unconstitutional actions of their subordinates.   The Court agrees that respondeat superior claims are not permissible in a § 1983 action.   "A supervisor may not be held liable under § 1983 for the constitutional violations of a subordinate on a respondeat superior theory."   *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001) (*citing Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995)).   "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."   *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).   To be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights.   *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985).

In this case, although defendants Wheeler and Shepard are supervisors at the MVE metal plant, plaintiff's claims against them are not based on their supervisory roles.  Plaintiff alleges that Wheeler and Shepard were personally involved in and directly responsible for the violation of his rights because they were aware of, and participated in, the decision to disable the press-brake machine safety restraint.  As such, plaintiff's claims against these defendants are not based on a theory of supervisory liability and therefore, not subject to dismissal as impermissible § 1983 claims.

### Conclusion

For all of the reasons discussed herein, defendants' Motion to Dismiss will be denied. Defendants will be directed to file an Answer to plaintiff's Amended Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Motion to Dismiss [ECF No. 18] is **DENIED**.

**IT IS FURTHER ORDERED** that defendants shall file an answer to plaintiff's Amended Complaint within the time allowed by the Federal Rules of Procedure.

Dated this 10th day of May 2021.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE