# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## NORTHERN DIVISION

JEFFREY L. JOSEPH,                  )
                                    )
   Plaintiff,       )
                                    )
  vs.                     )   Case No. 2:19-CV-22 AGF
                                    )
CRAIG WHEELER, et al.,              )
                                    )
   Defendants.       )

## MEMORANDUM AND ORDER

This matter is before the Court, in this prisoner civil rights case under 42 U.S.C. § 1983, on Defendants' motion to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. For the reasons set forth below, the motion will be denied.

### Background

This is the Court's third review of the sufficiency of Plaintiff's complaint.  As more fully recited in previous orders, Plaintiff Jeffrey Joseph is an inmate in the Missouri Department of Corrections (MDOC), confined at Moberly Correctional Center (MCC). During his incarceration, Plaintiff worked for Missouri Vocational Enterprises (MVE) in the metal plant at MCC.  In July 2018, Plaintiff's sustained a crush amputation injury to his thumb while working a press-brake machine on which the hand guards had been disabled.  Plaintiff initially filed a *pro se* prisoner civil rights complaint naming five defendants in their individual and official capacities: (1) Ryan Crews (Deputy Division Director of MDOC); (2) Dean Minor (Warden at MCC); (3) Dennis Shepard (MVE

factory manager); (4) Craig Wheeler (MVE floor manager); and (5) Kurt Schmiedeskamp (MVE supervisor).  Doc. 8.

On review under 28 U.S.C. § 1915(e), the Court determined that Plaintiff adequately stated a claim for cruel and unusual punishment under the Eighth Amendment against Defendants Shepard, Wheeler, and Schmiedeskamp except for Plaintiff's claims for money damages on his official capacity claims, which are barred by the Eleventh Amendment.  Doc. 10.  As to Defendants Crews and Minor, the Court found that Plaintiff failed to state a claim of deliberately indifferent medical care under the Eighth Amendment.  *Id*.

Plaintiff's *pro se* complaint was served on the remaining Defendants, who then filed their first motion to dismiss (Doc. 18) asserting that (1) Defendants are entitled to qualified immunity, (2) Plaintiff fails to establish deliberate indifference on the part of any Defendant, and (3) supervisor liability is not cognizable under § 1983.  The Court denied that motion in its entirety, reasoning that Defendants were not entitled to qualified immunity at this stage because Plaintiff had sufficiently pleaded deliberate indifference in alleging that Defendants had actual knowledge of the removal of machine safety restraints and the corresponding substantial risk of injury.  Doc. 31.  The Court further noted that Plaintiff's claims against supervisors Wheeler and Shepard were based on their direct involvement and not on a theory of *respondeat superior* liability.  *Id*.

Plaintiff then requested, and the Court granted, the appointment of pro bono counsel, who filed the current amended complaint that is now the subject of Defendants' present motion to dismiss.  The allegations contained in this operative complaint

(Doc. 49) are substantially similar to those contained in Plaintiff's *pro se* complaint and can be summarized as follows.   As previously stated, Plaintiff was injured in July 2018 while working a press-brake machine in the MVE metal plant at MCC.  The machine in question is a hydraulic press that uses 350,000 pounds of force to bend and punch holes in metal.  According to Plaintiff, the machine was sprayed with WD-40 because a part was sticking, and the machine's hand guards had been removed by, at the direction of, or with the authorization of Defendants.  Plaintiff's left hand slipped under the press as it came down, resulting in a 90% crush amputation injury to his thumb.

In Count I, Plaintiff asserts that Defendant Schmiedeskamp was responsible for safety and instruction at the MVE metal plant and failed to provide adequate supervision and training, instead relying on other inmates to provide instruction.  Schmiedeskamp's desk faced the press-brake machine, and he walked through the area daily.  According to Plaintiff, Schmiedeskamp told Plaintiff that the hand restraint system on the press-brake machine was disabled because it slows production, and he warned Plaintiff, "just don't get your hand caught in there."  Plaintiff asserts that Schmiedeskamp knew that the absence of safety guards posed a substantial risk to Plaintiff's safety, and Schmiedeskamp acted with deliberate indifference by recklessly disregarding that risk, in violation of Plaintiff's Eighth Amendment rights.

In Count II, Plaintiff states that Defendant Wheeler, as floor manager, was responsible for day-to-day operations and the training of all plant supervisors and instructors.  He walked through the area daily and spoke with the workers.  According to Plaintiff, Wheeler was involved in the decision to disable the safety guards on the press

brake and approved this practice despite knowing that it posed a substantial risk, and Wheeler failed to shut down the machine even after Plaintiff's injury.  Plaintiff further states that Wheeler ordered Plaintiff to return to work during his medical leave or be fired.  Plaintiff contends that these actions demonstrate a deliberate indifference to Plaintiff's health and safety in violation of the Eighth Amendment.

In Count III, Plaintiff states that Defendant Shepard, as director of the MVE metal plant and supervisor over Wheeler and Schmiedeskamp, was responsible for all operations, training, instruction, and adherence to safety guidelines at the plant.  Shepard walked through the plant daily and spoke to workers.  Plaintiff alleges that Shepard was involved in the decision to disable the hand restraint safety system and approved the practice of disabling the safety guards on the press machine despite knowing of the substantial risk.  Shephard administered first aid to Plaintiff immediately after the accident but did not order the machine shut down, and another inmate was injured in similar fashion later that day.  Plaintiff asserts that Shepard acted with deliberate indifference to Plaintiff's health and safety in violation of the Eighth Amendment.

In support of their present motion to dismiss, Defendants assert the same arguments advanced in their first motion, namely that they are entitled to qualified immunity because Plaintiff has failed to allege facts demonstrating deliberate indifference, and that Plaintiff's theory of supervisory liability is not cognizable under § 1983.  In response, Plaintiff notes that the Court already rejected these arguments, and Defendants' renewed challenge on the same grounds remains unavailing.  The Court

agrees with Plaintiff for the reasons explained in the Court's first order and revisited in summary below.

## DISCUSSION

### Legal Standards

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint.  To survive a motion to dismiss for failure to state a claim, a plaintiff's complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party.  *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017).  In civil rights actions, a complaint should be liberally construed when determining whether it has stated a cause of action sufficient to survive a motion to dismiss.  *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995).  The factual allegations are assumed true and construed in favor of the plaintiff "even if it strikes a savvy judge that actual proof of those facts is improbable."  *Twombly*, 550 U.S. at 556.  Therefore, a motion to dismiss a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief.  *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994).

Qualified immunity protects officials who acted in an objectively reasonable manner, shielding them from liability when their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have

known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  To determine whether a defendant is entitled to qualified immunity, courts consider: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful.  *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).  Defendants seeking dismissal under Rule 12(b)(6) must show that they are entitled to qualified immunity on the face of the complaint.  *Kulkay v. Roy*, 847 F.3d 637, 642 (8th Cir. 2017).

The Eighth Amendment's prohibition on cruel and unusual punishment forbids prison officials from acting with deliberate indifference to prisoners' safety.  *Bibbs v. Armontrout,* 943 F.2d 26, 27 (8th Cir. 1991).  To state a claim under the Eighth Amendment, a plaintiff must first show, objectively, that the conditions posed a substantial risk of serious harm.  *Ambrose v. Young*, 474 F.3d 1070,1075 (8th Cir. 2007).  Second, the plaintiff must show, subjectively, that the defendant acted with a sufficiently culpable state of mind.  An official is deliberately indifferent if he "actually knows of the substantial risk and fails to respond reasonably to it."  *Young v. Selk*, 508 F.3d 868, 873 (8th Cir. 2007).  Prison officials are deliberately indifferent when they knowingly compel an inmate to perform labor that is dangerous to his life or health.  *Ambrose*, 474 F.3d at 1075.  Mere negligence or inadvertence is insufficient; deliberate indifference has been described as equivalent to criminal-law recklessness and requires a highly culpable state of mind measured by the official's knowledge at the time.  *Kulkay*, 847 F.3d at 643.

**Analysis**

Defendants centrally contend that Plaintiff has not sufficiently pleaded facts establishing their involvement in the decision to disable the safety guards and their corresponding knowledge of a substantial risk of harm to Plaintiff's safety.  To support their position.  Defendants rely on *Kulkay*, where an inmate lost several fingers to a beam saw.  In his complaint, Kulkay alleged that he received no training other than a demonstration by another inmate; the defendants knew about other injuries; the machine's safety guards were never installed; and officials were aware that the lack of safety guards on workshop equipment violated safety regulations.  847 F.3d at 643.  The Eighth Circuit affirmed dismissal of the complaint, reasoning that that the absence of training and safety guards, and even a history of similar injuries, did not impute the defendants with actual knowledge of a substantial risk.  Rather, to show deliberate indifference via circumstantial evidence, an official must not only be aware of facts from which a substantial risk of serious harm may be inferred but must also actually draw the inference.  *Id*. at 644.  Kulkay fell short in that, "at most, he suggests officials should have realized the safety risks."  *Id*.  The Circuit Court also discussed several other cases where similar claims were rejected.  *See, e.g.*, *Bibbs*, 943 F.2d at 27 (affirming summary judgment where plaintiff failed to allege facts showing that defendants knew about missing safety guards or willfully overlooked the condition of equipment); *Warren v. Missouri*, 995 F.2d 130 (8th Cir. 1993) (affirming summary judgment where defendants failed to install safety equipment despite knowledge of prior injuries); *Choate v. Lockhart*, 7 F.3d 1370 (8th Cir. 1993) (reversing judgment where various safety

violations were insufficient to show a deliberately indifferent state of mind); and *Stephens v. Johnson*, 83 F.3d 198 (8th Cir. 1996) (same).

The Court is not persuaded that the foregoing precedent directs dismissal of Plaintiff's complaint here.  Importantly, *Bibbs*, *Warren*, *Choate*, and *Stephens* were decided on a full record.  Moreover, unlike *Kulkay*, Plaintiff's complaint alleges more than mere negligence and safety violations; he alleges that Defendants had actual knowledge of a substantial risk of harm and callously disregarded that risk.  According to Plaintiff, Schmiedeskamp told him that the safety guards were disabled because they slowed production, and "just don't get your hand caught in there."  Doc. 49 at 3.  Plaintiff alleges that Wheeler and Shepard participated in the decision to disable the safety guards knowing of the grave danger, failed to order a shutdown of the machine even after Plaintiff's injury, and forced him to return to work during medical leave.  Inasmuch as Plaintiff has alleged not just that the safety guards were never installed (the facts in *Kulkay*), but rather that the Defendants knowingly participated in the decision to disable the guards in order to speed production, these facts could be viewed as reflecting a wanton disregard for inmate safety. [1]  Plaintiff need not *prove* actual knowledge on the face of his complaint, and he has pleaded sufficient facts to entitle him to engage in discovery on the issue.  *See e.g., Zeigenbein v. Howell*, 4:17-CV-2749-AGF, 2018 WL 4178502, at *3 (E.D. Mo. Aug. 31, 2018) (denying dismissal where defendants were personally involved in decision to override safety switch and directed plaintiff to clean

---

[1]     The Court does not opine here as to the relevance or admissibility of evidence post-dating the accident.

machine while running, despite clear warning sign, in order to save money).  Mindful of the liberal standards applicable at this stage of litigation, and viewing all facts and inferences in Plaintiff's favor, the Court cannot say from Plaintiff's pleadings alone that he cannot establish deliberate indifference or that Defendants are entitled to qualified immunity at this time.

Finally, as also addressed in the Court's prior Order, Plaintiff's allegations against Wheeler and Shepard are not based on a theory of *respondeat superior* but rather on their direct personal involvement.  As such, Plaintiff's claims against these Defendants are proper.

**Conclusion**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss is **DENIED**. Doc. 52.

**IT IS FURTHER ORDERED** that Defendants shall file an answer to Plaintiff's Second Amended Complaint within 21 days of this Order.

Dated this 18th day of April 2022.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE