UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| JEFFREY L. JOSEPH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  2:19-cv-00022-AGF |
| ) | |
| CRAIG WHEELER, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on the Motion for Summary Judgment of Defendants Craig Wheeler, Dennis Shepard, and Kurt Schmiedeskamp.  ECF No. 94.  Plaintiff Jeffrey L. Joseph has filed a Response.  ECF No. 103.  Defendants have filed a Reply.  ECF No. 110.  This matter is now fully briefed and ripe for disposition.  For the reasons explained below, the Court will grant in part and deny in part the Defendants' Motion for Summary Judgment.

**Background**

A.  The Complaint

Plaintiff, a state inmate, filed his initial pro se complaint pursuant to 42 U.S.C. § 1983 in this Court on March 14, 2019, alleging several violations of his constitutional rights against five Defendants in their official capacity: Craig Wheeler, Dennis Shepard, Kurt Schmiedeskamp, Dean Minor (Warden of Moberly Correctional Center), and Ann Precythe (Director of Adult Institutions).  ECF No. 1.  Plaintiff's claims stem from an injury to his thumb that occurred when he was operating a press-brake machine while

working at the Missouri Vocational Enterprises ("MVE") Metal Plant at the Moberly Correctional Center ("MCC").  On November 18, 2019, Plaintiff filed an amended complaint, this time raising § 1983 claims against Wheeler, Shepard, Schmiedeskamp, and Minor as well as Ryan Crews (Deputy Division Director, Missouri Department of Corrections), all in their official and individual capacities.  ECF No. 8.  Upon its initial review of Plaintiff's amended complaint under 28 U.S.C. § 1915, the Court found that Plaintiff stated a claim for cruel and unusual punishment under the Eighth Amendment against Defendants Wheeler, Shepard, and Schmiedeskamp.  But the Court found that Plaintiff's claims for monetary damages against the Defendants in their official capacity are barred by the Eleventh Amendment.  Plaintiff's other claims, including those against Defendants Minor and Crews, were dismissed for failure to state a claim.  ECF No. 10.

Upon Plaintiff's request, the Court appointed pro bono counsel on July 27, 2021.  ECF Nos. 34, 40.  After appointed counsel entered the case, Plaintiff filed a Second Amended Complaint ("SAC").  ECF No. 49.  Plaintiff's SAC again raises claims against Defendants Wheeler, Shepard, and Schmiedeskamp for alleged violations of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment in relation to his injury at the Plant.  Plaintiff has separated his claims into three Counts: Count I against Defendant Schmiedeskamp, Count II against Defendant Wheeler, and Count III against Defendant Shepard.  Defendants are sued in their individual and official capacities.  For each Count, Plaintiff seeks both injunctive and monetary relief, including: (1) an OSHA inspection of all MVE's operations at the MCC, including the Metal Plant; (2) MVE's compliance with OSHA standards for the MVE operations at MCC; (3) an injunction

barring the Missouri Department of Corrections ("MDOC") and MVE from retaliating against Plaintiff; (4) compensatory damages in excess of $50,000 against each Defendant; (5) punitive damages in excess of $200,000 against each Defendant; and (6) reasonable attorney's fees and costs.

B.  Relevant Facts

Generally, on a motion for summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party. *See Emerald Pointe, LLC v. Taney Cnty.*, 78 F.4th 428, 432 (8th Cir. 2023). But here, Plaintiff failed to adequately respond to the Defendants' Statement of Uncontroverted Material Facts ("SUMF") as required by Local Rule 4.01(E):

> Every memorandum in opposition [to a motion for summary judgment] must be accompanied by a document titled Response to Statement of Material Facts, which must be separately filed using the filing event "Response to Statement of Material Facts." The Response must set forth each relevant fact as to which the party contends a genuine issue exists. The facts in dispute shall be set forth with specific citation(s) to the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from the moving party's Statement of Uncontroverted Material Facts.

*See also* Fed. R. Civ. P. 56(c). The rule further provides: "All matters set forth in the moving party's [SUMF] shall be deemed admitted for the purposes of summary judgment unless specifically controverted by the opposing party." E.D.Mo. L.R. 4.01(E); *see also* Fed. R. Civ. P. 56(e).

While Plaintiff did submit a Response to Defendants' SUMF (ECF No. 102) and a separate SUMF of his own (ECF Nos. 104, 108, 109, 112), Plaintiff's response simply

3

admits or denies each of Defendants' SUMF.[1] Plaintiff's response does not provide specific citations to the record and therefore does not specifically controvert any of Defendants' SUMF. Thus, Plaintiff's response to Defendants' SUMF is insufficient, and all matters set forth in Defendants' SUMF are deemed admitted for the purposes of summary judgment. L.R. 4.01(E); *see also Cockrell v. Bowersox*, No. 4:21-cv-1260-JAR, 2024 WL 358085, at *1–2 (E.D. Mo. Jan. 31, 2024). Accordingly, the following facts are taken largely from the Defendants' SUMF (ECF No. 96) and are deemed admitted to the extent they are material and supported by the record. Likewise, the Court will also include facts from Plaintiff's SUMF (ECF No. 104), which Defendants have not disputed, to the extent they are material and supported by the record.[2]

Plaintiff, an inmate at MCC, worked for MVE in their Metal Plant. Upon being hired, all employees of MVE are provided with copies of the Safety Rules, Safety First, Hazardous Materials Procedures, and Offender Safety Rules Machine/Equipment. The

---

[1] The Court notes that Plaintiff's responses to each of Defendants' SUMF state that "Defendant" admits or denies the allegations contained in Paragraph X. The Court assumes this is a scrivener's error and that each response should read "Plaintiff admits (or denies)" rather than "Defendant."

[2] Plaintiff's SUMF is replete with statements of fact that Plaintiff supports only with citations to the allegations in his SAC and to the Defendants' Answer denying those allegations (ECF No. 64). But "[m]ere allegations not supported by specific facts are insufficient to establish a material issue of fact and will not withstand a summary judgment motion." *Henthorn v. Cap. Commc'ns, Inc.*, 359 F.3d 1021, 1026 (8th Cir. 2004) (citing *Klein v. McGowan*, 198 F.3d 705, 709 (8th Cir. 1999); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial.") (cleaned up).

4

hired inmates also participate in a two-week training program with a supervisor before working alone on any machine.³  Before Plaintiff could start work each day, he was required to read and sign a copy of the Safety Rules and Guidelines indicating that he had read and understood them.  In July 2018, the Safety Rules document stated: "I have read and understand the Safety rules.  I have checked all machines to which I am assigned and will not operate until all Safety devices are installed, used and functional."  ECF No. 96-4.  Rule number one of the Safety Rules states: "Do not operate any machine or equipment unless you have been instructed in its proper use and Safety Procedures."  *Id.*  Rule number six of the Safety Rules states: "Machines are to be operated only when safety guards are in place and all safety devices are in working order."  *Id.*

On July 20, 2018, Plaintiff was working at the Plant.  Before starting work, he initialed the Safety Rules sheet indicating he had read and understood the Plant's Safety Rules.  Plaintiff was working on the Plant's press-brake machine, a machine used to bend and punch holes in metal.  In his Declaration, Plaintiff claims he had previously asked Defendant Schmiedeskamp about the hand restraint system, which consisted of safety devices designed for use by a press-brake machine operator so he may avoid placing his hand near the dangerous pinch-point while the machine is in operation.  Contrary to the Safety Rules, Defendant Schmiedeskamp responded: "Oh we don't use them because they slow production, just don't get your hand caught in there and we will all be ok."

---

³   The record does not contain any evidence with respect to the training program in which Plaintiff participated.

5

ECF No. 112.[4]  Plaintiff was injured when his thumb was caught under the press-brake machine's mechanism while the machine was in operation.

The pedal-operated press-brake machine was functional and operational at the time of the incident.  The press-brake machine was equipped with hand restraints, but Plaintiff was not using any at the time of his injury.[5]  Defendants never required Plaintiff or any machine operator at the Plant to use the hand restraints, but the hand restraint systems were never removed or disabled.  Other than Schmiedeskamp's statement that "we don't use" the hand restraint system, no Defendant directed Plaintiff to not use the hand restraints while he operated the press-brake machine.  Prior to his injury, Plaintiff had never raised any safety concerns regarding the press-brake machine with any Defendant.

On July 20, 2018, Defendant Shepard was the Plant Manager, Defendant Wheeler was the Assistant (or Floor) Manager, and Defendant Schmiedeskamp was a supervisor

---

[4]   Plaintiff's Supplementary Statement of Uncontroverted Material Facts referred to Plaintiff's Declaration "to be provided and marked as Plf's Ex. 18" (ECF No. 104 at ¶ 34) but no Declaration was attached to that filing.  The Court subsequently granted leave for Plaintiff to file his Declaration.  Plaintiff filed his Declaration on February 29, 2024.  ECF No. 112.  The Court set a date by which Defendants could file a response to Plaintiff's Declaration.  ECF No. 113.  Defendants have not submitted any response, and the time for them to do so has passed.

[5]   Crushable pliers, which workers could use to pick up small parts while keeping their hand six to eight inches away from the press-brake machine, were also available for Plaintiff's use.  However, neither party has offered evidence to explain how, if at all, the pliers would have impacted the risk of injury at issue here, or how, if at all, the pliers related to the hand restraint system.  Further, it is undisputed that "[t]he primary safety mechanisms on the press-brake machine [were the] hand restraints." ECF No. 96, Def.'s SUMF at ¶ 21.

in the Plant.  Both Defendants Wheeler and Schmiedeskamp were on annual leave on the date of Plaintiff's accident.  Shepard was at the Plant when Plaintiff injured his thumb, but Shepard had no contact with Plaintiff on July 20, 2018, until after Plaintiff's injury.

Plaintiff resigned from the Plant on November 5, 2018.

C.     Defendants' Motion for Summary Judgment

Defendants have moved for summary judgment in their favor on all claims.  They argue that Plaintiff has failed to develop evidence sufficient to create a genuine issue of material fact for trial.  Defendants argue that Plaintiff has failed to establish that the conditions of the press-brake machine constitute an objectively and sufficiently serious risk of harm.  They also argue that the undisputed evidence shows that Defendants were not deliberately indifferent to the risk of harm to Plaintiff, but were, at most, negligent in supervising the safety of workers at the Plant.  Defendants also argue they are entitled to qualified immunity because Plaintiff has failed to establish that Defendants violated any of Plaintiff's clearly established constitutional rights.  Finally, Defendants argue that Plaintiff's requests for injunctive relief are moot because Plaintiff is no longer employed at the Plant.  ECF No. 95.

Plaintiff argues in opposition that he has sufficiently shown that Defendants were deliberately indifferent to Plaintiff's safety.  In support, Plaintiff claims that Defendants were responsible for safety and instruction at the Plant and had an obligation to inspect all machines and ensure worker safety but did not do so.  Plaintiff also states via sworn Declaration that Defendant Schmiedeskamp directed Plaintiff to not use the hand restraints when operating the press-brake machine because it slowed production.

7

Regarding qualified immunity, Plaintiff states that "the facts shown sufficiently establish a violation of Plaintiff's Eighth Amendment right" and that "a reasonable jury could find that the right was clearly established at the time of the incident."[6] ECF No. 103.  Plaintiff makes no counterargument to Defendants' assertion that Plaintiff's requests for injunctive relief are moot.

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "[T]he burden of demonstrating there are no genuine issues of material fact rests on the moving party, and [the Court] review[s] the evidence and the inferences which reasonably may be drawn from the evidence in the light most favorable to the nonmoving party."  *Allard v. Baldwin*, 779 F.3d 768, 771 (8th Cir. 2015) (citation omitted).  To avoid summary judgment, the nonmovant has the "burden of presenting evidence sufficiently supporting the disputed material facts that a reasonable jury could return a verdict in their favor." *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992) (citing *Anderson*, 477 U.S. at 248).  The nonmovant, however, "must do more than simply show that there is some metaphysical doubt as to the material facts and must come forward with specific facts showing that there is a genuine issue for trial." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (internal quotation marks and citation omitted).  "Where the record taken as a whole could not lead a rational trier of

---

[6] As discussed below, the determination of whether the right was clearly established for purposes of qualified immunity is a matter for the Court to determine, not the jury.

8

fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted).

Plaintiff brings all of his claims pursuant to 42 U.S.C. § 1983.  Section 1983 claims require Plaintiff to establish two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation was committed by a person acting under color of law.  *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).  "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."  *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing *Rizzo v. Goode*, 423 U.S. 362, 370–71, 375–77 (1976)).  With regard to individual defendants, liability for damages under § 1983 is personal, and "each defendant's conduct must be independently assessed."  *Smith v. City of Minneapolis*, 754 F.3d 541, 547 (8th Cir. 2014).  "Section 1983 does not sanction tort by association."  *Id.* (citing *Heartland Acad. Cmty. Church v. Waddle*, 595 F.3d 798, 805–06 (8th Cir. 2010)).

## Discussion

A.     Plaintiff's Requests for Injunctive Relief

It is undisputed that Plaintiff no longer works for MVE and is therefore no longer subject to its policies or to the Defendants' supervision.  Therefore, his requests for injunctive relief are moot.  *See Ware v. St. Louis City Just. Ctr.*, No. 4:20-cv-01065-AGF, 2020 WL 7240445, at *12 (E.D. Mo. Dec. 9, 2020) (finding request for injunctive relief by plaintiff prisoner moot when plaintiff was "no longer subject to the conditions for

9

which he is seeking injunctive relief") (citing *Gladson v. Iowa Dept. of Corr.*, 551 F.3d 825, 835 (8th Cir. 2009); *Walker v. Bowersox*, 526 F.3d 1186, 1189 (8th Cir. 2008); *Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985)).  Plaintiff has not contended otherwise in his response.

Plaintiff's only remaining claims against the Defendants in their official capacity rely on his requests for injunctive relief.  ECF No. 10 at 11–12.  Because the Court has found that Plaintiff's claims for injunctive relief are moot, his claims against Defendants in their official capacity must fail.  The Court will grant summary judgment in favor of Defendants as to Plaintiff's requested injunctive relief and claims asserted against Defendants in their official capacity.

  B. Plaintiff's Eighth Amendment Claims

Plaintiff's § 1983 claims allege that the Defendants violated the Eighth Amendment's ban on cruel and unusual punishment.  "Eighth Amendment protection extends to conditions of incarceration and confinement, including prison work assignments." *Kulkay v. Roy*, 847 F.3d 637, 642 (8th Cir. 2017) (citing *Farmer v. Brennon*, 511 U.S. 825, 833 (1994)).  To succeed on a § 1983 claim of an Eighth Amendment violation regarding a prison work assignment, a plaintiff must make two showings—one objective and one subjective. *Kulkay*, 847 F.3d at 642 (citing *Ambrose v. Young*, 474 F.3d 1070, 1075 (8th Cir. 2007)).

The inmate must first show that the alleged constitutional violation is "objectively [and] sufficiently serious." *Kulkay*, 847 F.3d at 642 (quoting *Farmer*, 511 U.S. at 834).  "An alleged violation is objectively and sufficiently serious when the inmate is

10

incarcerated under conditions posing a substantial risk of serious harm." *Id.* (cleaned up).

The inmate must next show that the defendant official acted with a "sufficiently culpable state of mind." *Id.* (quoting *Farmer*, 511 U.S. at 834). Where a plaintiff challenges the conditions of his confinement, the requisite state of mind is deliberate indifference to the inmate's health or safety. *Id.* (citations omitted). "An official is deliberately indifferent if he or she actually knows of the substantial risk and fails to respond reasonably to it." *Young v. Selk*, 508 F.3d 868, 873 (8th Cir. 2007). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." *Farmer*, 511 U.S. at 837. Mere negligence or inadvertence does not rise to the level of deliberate indifference, which "requires a highly culpable state of mind approaching actual intent." *Kulkay*, 847 F.3d at 643 (quoting *Choate v. Lockhart*, 7 F.3d 1370, 1374 (8th Cir. 1993)). "In the prison work assignment context, prison officials are deliberately indifferent when they knowingly compel 'an inmate to perform labor that is beyond the inmate's strength, dangerous to his or her life or health, or unduly painful.'" *Id.* (quoting *Ambrose*, 474 F.3d at 1077).

The Court first addresses the allegations in Plaintiff's SAC that Defendants intentionally removed, directed others to remove, or tacitly authorized the removal of the hand restraints on the press-brake machine to support his Eight Amendment claims against all Defendants. After years of discovery, the undisputed evidence shows that several safety features, including hand restraints, were available to Plaintiff when operating the press-brake machine. Given the Plaintiff's failure to provide any evidence

11

that the press-brake machine's hand restraints were removed or disabled, his theory that Defendants all participated in or tacitly approved of the removal of the safety devices on the press-brake machine for the sake of saving time cannot form the basis for Plaintiff's Eighth Amendment claim.

But Plaintiff has established that there is a genuine issue of material fact as to whether he was subjected to an objectively and sufficiently serious risk of harm by Defendant Schmiedeskamp. In support, Plaintiff has offered his sworn Declaration in which he states that, in response to Plaintiff's question about the use of hand restraints, Defendant Schmiedeskamp responded: "Oh we don't use them because they slow production, just don't get your hand caught in there and we will all be ok." ECF No. 112. Taking the evidence in the light most favorable to the Plaintiff and making all inferences in Plaintiff's favor, the Court finds that Defendant Schmiedeskamp's statement demonstrates an expectation that Plaintiff would not use the hand restraints when operating the press-brake machine. Though Defendant Schmiedeskamp did not explicitly direct Plaintiff to not use the hand restraints, in this context, a reasonable jury could find that Defendant Schmiedeskamp's statement acted as a directive to Plaintiff to not use them, and thus placed Plaintiff into a situation that posed an objectively and substantially serious risk of harm.

Plaintiff has also shown that there is a genuine issue of material fact as to whether Defendant Schmiedeskamp acted with deliberate indifference. While it is undisputed that Defendant Schmiedeskamp was not at the Plant for Plaintiff's accident, this fact alone does not warrant summary judgment in Schmiedeskamp's favor. The statement that

12

Plaintiff attributes to Defendant Schmiedeskamp, which allegedly occurred sometime before Plaintiff's injury, indicates that Schmiedeskamp was aware of the risk of Plaintiff being injured by getting his hand caught in the machine while not using the hand restraints.  ECF No. 112 ("[J]ust don't get your hand caught in there and we will all be ok.").  As stated above, Schmiedeskamp's statement can be reasonably interpreted as his attempt to direct Plaintiff to operate the press-brake machine without hand restraints for the sake of efficiency, despite knowing there was a serious risk of injury.  Taking these facts in the light most favorable to Plaintiff, and making all inference in his favor, a reasonable jury could find that Defendant Schmiedeskamp acted with deliberate indifference to a serious risk of harm to Plaintiff.  As such, this issue remains for trial.

Plaintiff has failed to establish that there remain issues for trial regarding Defendants Wheeler and Shepard.  Plaintiff has come forward with no facts or evidence of statements made by either Wheeler or Shepard that indicate that they directed Plaintiff to use the press-brake machine without hand restraints.  It is undisputed that the hand restraints, among other safety devices, were available for use.  Thus, Plaintiff's unsubstantiated allegations that Wheeler and Shepard disabled or approved of the disabling of the hand-restraints are not sufficient to defeat a properly supported motion for summary judgment.  *Anderson*, 477 U.S. at 248; *see also supra* note 6.

Plaintiff also argues that Wheeler and Shepard were supervisors in charge of monitoring the state of the machines in the Plant and training Plaintiff and others to operate the machines safely but failed to do so resulting in Plaintiff's injury.  To be held liable under § 1983, a supervisor must either "directly participate[] in the constitutional

13

violation or . . . fail[] to train or supervise the subordinate who caused the violation." *Brockington v. City of Sherwood*, 503 F.3d 667, 673 (8th Cir. 2007) (citation omitted). In the Eighth Circuit, a supervisor is liable if he "(1) had 'notice of a pattern of unconstitutional acts committed by subordinates'; (2) [was] deliberately indifferent to or tacitly authorized those acts; and (3) failed to take 'sufficient remedial action'; (4) proximately causing injury to [the plaintiff]." *Livers v. Schenck*, 700 F.3d 340, 355 (8th Cir. 2012) (quoting *Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir. 1996)). "[T]o show deliberate indifference or tacit authorization, [plaintiffs] must allege and ultimately prove [defendant supervisors] had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation." *Id.* at 355–56 (citation and internal quotation marks omitted).

      Here, even if the undisputed evidence showed that Defendants Wheeler and Shepard were negligent (which it does not), mere negligence cannot establish that they were deliberately indifferent. *Kulkay*, 847 F.3d at 643–44 ("[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.") (citing *Farmer*, 511 U.S. at 838). Plaintiff has not established that the hand restraints on the press-brake machine were disabled, let alone that Wheeler and Shepard were aware that there were no safety devices available to Plaintiff while working on the machine. Nor has Plaintiff established that Wheeler and Shepard knew that he was instructed not to use the hand restraints or otherwise had notice that Plaintiff was inadequately trained on the proper use of safety devices. As such, Plaintiff has failed to establish that Defendants

14

Wheeler and Shepard acted with deliberate indifference, and the Court will grant Defendants' motion for summary judgment as to Counts II and III.

C. Qualified Immunity

"[Q]ualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Estate of Nash v. Folsom*, 92 F.4th 746, 753–54 (8th Cir. 2024) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). In resolving a qualified immunity defense, the court must "decide whether the facts that a plaintiff has shown make out a violation of a constitutional right" and "must decide whether the right at issue was clearly established at the time of the defendant's alleged misconduct." *Id.* at 754 (cleaned up). "A right is 'clearly established' when its contours are sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Ryno v. City of Waynesville*, 58 F.4th 995, 1004 (8th Cir. 2023) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

Because the Court has determined that there is no evidence to support Plaintiff's underlying Eighth Amendment claims against Defendants Wheeler and Shepard, they are entitled to qualified immunity.

Defendant Schmiedeskamp, however, is not entitled to qualified immunity on these facts. As discussed above, Plaintiff has established a genuine issue of material fact as to whether Defendant Schmiedeskamp violated his Eighth Amendment right. The only remaining issue is whether Plaintiff has shown that such a right was clearly

15

established at the time of his injury, and the Court finds that he has done so.

The right to be free from cruel and unusual punishment in the prisoner workplace context was clearly established at the time of Plaintiff's injury. Defendants argue that Plaintiff has failed to carry his burden to show that the alleged constitutional violation was clearly established because Plaintiff has failed to cite to Eighth Circuit case law finding a constitutional violation on similar facts. But in its 2007 decision in *Ambrose v. Young*, the Eighth Circuit stated that "[i]t is well-established in this circuit that 'knowingly compelling an inmate to perform labor that is . . . dangerous to his or her life or health' is a violation of the Eighth Amendment." 474 F.3d at 1078 (citing *Sanchez v. Taggart*, 144 F.3d 1154, 1156 (8th Cir. 1998)). There, the Eighth Circuit found there was sufficient evidence to support an Eighth Amendment claim against a prison official who had ordered a prisoner to stamp out a fire near a live downed power line with knowledge that the power line presented a substantial risk of harm to the prisoner. The Eighth Circuit found that such an action was a violation of the prisoner's Eighth Amendment rights and that the prisoner's right was clearly established at the time of injury. The facts here, taken in the light most favorable to Plaintiff, are sufficiently similar to those in *Ambrose* to support Plaintiff's position that Defendant Schmiedeskamp violated Plaintiff's clearly established right. A jury could find that Defendant Schmiedeskamp knowingly compelled Plaintiff to perform labor that was dangerous to Plaintiff's life or health when he told Plaintiff that "we don't use [hand restraints] because they slow production, just don't get your hand caught in there and we will all be ok." As such, the Court will deny qualified immunity for Defendant Schmiedeskamp, and this case will

16

proceed to trial to resolve the remaining factual issues.

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED in part** and **DENIED in part**. ECF No. 94. The Motion is granted as to Count II against Defendant Wheeler and Count III as to Defendant Shepard. The Motion is granted as to Count I with respect to the claim asserted against Defendant Schmiedeskamp in his official capacity and for injunctive relief, but is denied with respect to the claim asserted against Defendant Schmiedeskamp in his individual capacity.

This matter is set for a jury trial on the three-week docket beginning May 3, 2024. A pretrial conference will be set by separate order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 15th day of March, 2024.